**Ex parte Gussie ARLEDGE.**

**No. 8029.**

Court of Civil Appeals of Texas, Texarkana.

**Jan. 12, 1971.**

Neal Birmingham, Linden, for petitioner.

Sidney Lee, New Boston, for respondent.

### ORIGINAL HABEAS CORPUS PROCEEDINGS

DAVIS, Justice.

This is a case of civil contempt of court arising out of a child custody case. The petitioner, Gussie Arledge, is the paternal grandmother of Kenneth Wayne Arledge, Jr., a four year old child whose custody is in dispute. The respondent is Hon. Clifton Rachel, Sheriff of Bowie County, Texas. The original suit was filed in the District Court of Cass County, Texas, by the petitioner against Kenneth Wayne Arledge, Sr., the father of the child, and Gayle Arledge, the mother of the child. A hearing was had before Judge Stuart E. Nunn, District Judge of Cass County, Texas, on February 9, 1970. The petitioner was given temporary custody of the child. A plea of privilege was filed by defendant, Gayle Arledge, a resident of Bowie County, Texas. The plea was sustained and the proceedings were transferred to the District Court of Bowie County. Gayle Arledge filed a motion for temporary custody of the child and for permanent custody. Judge Nunn continued to exercise jurisdiction of the case until shortly before August 28, 1970. He transferred the case into the 102nd Judicial District Court of Bowie County, Texas. Judge Herbert Line ordered a hearing on the motion of the defendant Gayle Arledge on August 28, 1970. He vacated the prior order of temporary custody and ordered the child delivered to the defendant, Gayle Arledge, at her address in Bowie County, Texas. Shortly after petitioner left her home to attend the hearing as to the temporary custody of Kenneth Wayne Arledge, Jr., his fa-

ther, Kenneth Wayne Arledge, Sr., went to petitioner's home, took possession of the child and neither the child nor his father have been seen since.

As soon as petitioner returned to her home, she learned that the father of the child had taken it from her home in defiance of the request of Linda Arledge, an aunt of the child, daughter of the petitioner.

Gayle Arledge filed an Information for Civil Contempt of Court against the petitioner. She was arrested on September 9, 1970. She was discharged by this court in a habeas corpus proceedings November 10, 1970, Tex.Civ.App., 459 S.W.2d 941.

A second Information for Civil Contempt of Court was filed by Gayle Arledge against petitioner based on the same and identical facts for the failure of the petitioner to deliver the child as ordered by Judge Line on August 28, 1970. A hearing was had and there was evidence offered which clearly showed petitioner did not have in her custody Kenneth Wayne Arledge, Jr., and had not seen him since she left her home to go to court on August 28, 1970. The only witnesses that testified at the hearing were Linda Arledge, Gussie Arledge, and Judge Herbert Line. The complainant, Gayle Arledge, did not testify, but in answer to interrogatories admitted that Kenneth Wayne Arledge, Sr., had the child and his whereabouts were unknown.

The petitioner was found guilty of Civil Contempt of Court, fined $1.00 and all costs of suit, three days in jail and ordered held and confined in the jail of Bowie County, Texas, until she purges herself of her Civil Contempt of Court by delivering the person of Kenneth Wayne Arledge, Jr., to Gayle Arledge in the manner required by the court on August 28, 1970.

Although the hearing was had on November 16, 1970, the judgment was not signed and ordered filed until November 17, 1970. Petitioner filed an application for a writ of habeas corpus in this court on November 17, 1970, in which she alleged that she was illegally confined and restrained of her liberty and was being held in jail in Bowie County by respondent Hon. Clifton Rachel, Sheriff. That such illegal restraint and confinement is by virtue of a certain verbal order made in open court by Judge Herbert Line. That such order at the time of her arrest was not in writing and it was impossible for the petitioner to attach a copy of the order along with a Writ of Commitment showing the cause for such illegal restraint and confinement that arises out of the order of the court as to the custody of Kenneth Wayne Arledge, Jr. This court issued the temporary writ of habeas corpus and ordered the petitioner released on bond. She has filed a brief and brings forward three points of error.

By point No. 1, petitioner says she is illegally deprived of her liberty on a verbal order and without a Writ of Commitment or other lawful written authority being delivered to the Sheriff. The petitioner was taken into physical custody on November 16, 1970, and was confined in the Bowie County jail until she was released by the authority of a writ of habeas corpus on November 17, 1970.

The trial court was without authority to order the petitioner to be held and confined in the jail of Bowie County until she purges herself of Civil Contempt of Court by delivering the person of Kenneth Wayne Arledge, Jr., to the complainant, Gayle Arledge, in the manner required by the court's order of August 28, 1970. He did not enter an order directing the District Clerk of the court to issue a Writ of Commitment, or any form of arrest nor to issue a certified copy of the judgment, or to deliver to the Sheriff any form of written authority to confine the petitioner in jail. The District Clerk was ordered only to file the judgment. If the Clerk did in fact, acting on the judgment of the court, issue any written authority to the Sheriff, it was unauthorized by the

judgment of contempt and is therefore void. 12 Tex.Jur.2d 531, Sec. 55; Ex parte Puckitt, 1969, 159 Tex. 438, 322 S.W.2d 597; 27 Tex.Jur.2d 672–87, Secs. 10 through 22, 12 Tex.Jur.2d 494, Sec. 14; 12 Tex.Jur.2d 526, Sec. 49. The point is sustained.

■ By point No. 2, petitioner says the trial court was without authority to order her to be confined in jail in Bowie County until she purges herself of civil contempt of court by delivering the person of Kenneth Wayne Arledge, Jr., to defendant, Gayle Arledge, in the manner required by this court's order of August 28, 1970. This is a case of "civil contempt". 12 Tex.Jur. 2d 484–5, Sec. 3; the second paragraph of which reads as follows:

"It is not the purpose or intent to act that determines the character of the act as contempt, but the nature of the act itself. A party cannot be held in contempt merely because he has agreed to do an act that if done would be a contempt of court, because he has gone to the courtroom with intent to do a contemptuous act, or because he was conspired to commit contempt."

The evidence clearly shows that Kenneth Wayne Arledge, Jr., was not in the custody of the petitioner even at the time of the hearing held on August 28, 1970. The petitioner testified that her son, Kenneth Wayne Arledge, Sr., called her on the telephone on August 28, 1970, and told her he was in Wichita Falls, Texas, and that he had Kenneth Wayne Arledge, Jr., in his possession. Judge Herbert Line also testified that Kenneth Wayne Arledge, Sr., called him on long distance telephone, or represented himself to be Kenneth Wayne Arledge, Sr., and told Judge Line that he was in Wichita Falls, Texas, and that he had Kenneth Wayne Arledge, Jr., in his possession. Linda Arledge and the petitioner both testified as positively and as clearly as they could that Kenneth Wayne Arledge, Jr., would be delivered to Gayle Arledge immediately if the child was in the possession of the petitioner. Judge

Line went off on the theory that the petitioner told him at the hearing that was held on September 9, 1970, that she would not, or that she could not, deliver the child to Gayle Arledge. This court is not bound by the testimony entered in the case. It was impossible on September 9, 1970, to deliver the child because he was not in her possession at the time. She testified that as soon as she received the call from Wichita Falls, she made a trip there in an attempt to try to find the child and his father. She also testified that she went into Altus, Oklahoma, in search of the child and his father. Being unable to locate them, she called her people and had them come and get her. The evidence showed that the child was not in possession of the petitioner on November 16, 1970. Therefore, it was impossible for her to obey the orders of the court. Clearly, the petitioner has been placed in the role of an innocent hostage to be held in the Bowie County jail in an effort to coerce Kenneth Wayne Arledge, Sr., to bring the child back to Texarkana, Bowie County, Texas. If he fails to do so, she will be confined for life. She can do nothing but rely upon the discretion of this court. The case we have before us is directly in point with the case of Ex parte, Thetford, Tex.Sup.Ct., 1963, 369 S.W.2d 924. In that case, as in the case before this court, the petitioners were the paternal grandparents of the children whose custody was in dispute. The petitioners were the plaintiffs in the child custody suit. The trial court ordered temporary custody to the defendant pending final deposition of the case. The grandparents, not the father, were fined for civil contempt. The grandparents were ordered to jail until they purged thmeselves of civil contempt by producing the three children before the court. Other material facts existed in the Thetford case (supra) that does not exist in the case before this court. One of the petitioners, the grandfather, was driving the get-away car for his son when the son forcibly took the children. The other petitioner, the grandmother, went

into the house with her son and assaulted the baby sitter by pushing the baby sitter as she was trying to prevent the father from forcibly taking the children from the baby sitter's possession. In this case, the only evidence that was offered was a written agreement that was signed by Kenneth Wayne Arledge, Sr., about the time the suit was filed in Cass County, to the effect that he would agree that the custody of Kenneth Wayne Arledge, Jr., be given to his mother. The child was taken in the petitioner's absence without her knowledge or consent or without any fault on her part and no contradictory evidence was offered.

In the Thetford case, supra, Judge Calvert said:

"It may be that if petitioners were held hostage for return of the children long enough their son would relent. But as we observed in Ex Parte De Wees, 146 Tex. 564, 210 S.W.2d 145, 147.

" 'Our concern is not what will certainly happen if relief is denied, but could happen. Obviously, the thing that could happen is a lifetime imprisonment of relator, and a denial of relief would be a recognition by this court of the power of the trial judge to enter an order having that effect.'

Relators are ordered discharged."

By point No. 3, petitioner says that there is no evidence; or, in the alternative, there is insufficient evidence to find the petitioner guilty of civil contempt. We do not think that there is any evidence to support the judgment of civil contempt; at least, the evidence is wholly insufficient to find her guilty of civil contempt. The point is sustained.

It is, therefore, ordered that the petitioner and her sureties on her bond be released and that the petitioner be immediately discharged from the restraint complained of in her petition for habeas corpus.