Ex parte Shelley McBRIDE, Relator.

No. 19602.

Court of Civil Appeals of Texas, Dallas.

May 10, 1978.

Stephen F. Hefner, Sherman, for appellant.

Richard A. Danna, Dallas, for appellee.

ROBERTSON, Justice.

This is a habeas corpus proceeding under Article 1824a of the Texas Revised Civil Statutes. Shelley McBride, relator, seeks discharge from the custody of the Sheriff of Dallas County. He was detained pursuant to a commitment order issued by the judge of the 302nd District Court, who found rela-

tor in contempt for failing to pay child support ordered by a decree of an Oklahoma court. We grant the writ of habeas corpus, and discharge relator from custody.

Relator was originally divorced from his wife in Oklahoma, and the Oklahoma court ordered relator to make periodic child support payments. In November, 1977, his former wife filed a motion for contempt in a Texas district court based upon relator's disobedience of the Oklahoma support decree. The Texas court held relator in contempt, but suspended his commitment upon certain conditions. When relator failed to comply with the conditions, the suspension was revoked and he was imprisoned.

The sole question in this case is whether a Texas court may hold a person in contempt for disobedience of an order issued by the court of another state without complying with applicable Texas statutes. The only Texas authorities we have located on this point hold that Texas courts may punish persons for failing to comply with the provisions of a foreign support decree. *See Ex Parte Helms,* 152 Tex. 480, 259 S.W.2d 184 (1953); *Guercia v. Guercia,* 239 S.W.2d 169 (Tex.Civ.App.—Waco 1951) *writ ref'd n. r. e. per curiam,* 150 Tex. 418, 241 S.W.2d 297 (1951). Significantly, however, both of those cases concerned situations where the foreign state either had not adopted the Uniform Reciprocal Enforcement of Support Act (URESA), Tex.Family Code Ann., § 21.01 (Vernon 1975), as in *Guercia,* or the foreign states' enactment of URESA was not proved, as in *Helms.* Oklahoma, however, has enacted URESA, *see* Okla.Stat. Ann., Ch. 12, § 1600.1 (West 1961), and to allow enforcement of foreign support orders by other procedures would frustrate the intent of the legislatures of both Oklahoma and Texas in providing, through URESA, an efficient means of enforcing foreign support orders. Indeed, the rationale for allowing enforcement of foreign orders in cases where URESA was *not* controlling supports the use of URESA as an *exclusive* remedy in cases where it *is* relevant. As stated in *Guercia, supra:*

[S]ince it is the father's legal duty to support his minor children under the express provisions of our statutes, and since such duty cannot be discharged by flight from one state, or one jurisdiction, to another, *our view is that the public policy of the State of Texas demands that the defendant's obligation (while residing in the State of Texas) to support his minor children in the State of Ohio be performed as fully as if the defendant had incurred such obligation in our state.* (239 S.W.2d at 173) [Emphasis added]

If the *general* public policy as expressed in statutes concerning domestic support duties compelled enforcement of foreign support orders, then surely the *specific* public policy embodied in URESA demands that the procedures specified by that Act be used in all cases to which it applies. The procedure for cases such as *Helms* and *Guercia* has been set forth with more particularity in URESA. Sections 21.61–21.66 of the Texas Family Code provide for enforcement of foreign support orders when the obligee has registered the order with the clerk of the Texas court. Under Section 21.64, an obligee may register the order by filing a verified petition setting forth the amount unpaid, a list of other states in which the order is registered, and attaching a certified copy of the foreign support order, together with all subsequent modification decrees. Section 21.66 provides that a properly registered foreign support decree may be enforced "as if originally entered in the court of this state," and states that all procedures available to enforce domestic orders are available to enforce registered foreign decrees, "*including the power to punish the defendant for contempt . . .*" [Emphasis added].

Thus, we conclude that when a support decree is rendered in a state which has enacted URESA, that decree cannot be enforced by contempt proceedings in Texas without first complying with the procedures set forth in URESA. Since the trial court thus lacked jurisdiction to enforce the Oklahoma order, its commitment order is void, and the writ of habeas corpus must be granted.

Relator discharged.