Ex parte John W. CHANDLER, Relator.
(Habeas Corpus Proceeding).

No. 17390.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

March 1, 1979.

James M. Murphy, Dallas, for appellant.

Bresenhan, Martin & Wingate, Maurice L. Bresenhan, Jr., Houston, for appellee.

Before WALLACE, WARREN and EVANS, JJ.

EVANS, Justice.

This is an original habeas corpus proceeding resulting from an order holding relator in contempt for failure to pay child support.

The record reflects that on March 11, 1975, the Court of Domestic Relations of Dallas County, Texas, entered a decree of divorce naming the respondent the managing conservator of the parties' two children and ordering the relator to pay child support in the amount of $200.00 per child each month. On September 30, 1977, relator filed a motion in the 301st Judicial District Court of Dallas County (formerly the Domestic Relations Court of Dallas County) to modify the divorce decree with respect to the child support and access provisions of

the decree. On September 1, 1978, pursuant to a motion filed by respondent, and acting under the authority of Section 11.06, Tex.Family Code, the 301st Judicial District Court of Dallas County ordered the proceedings transferred to the District Court of Harris County, Texas.

On December 8, 1978, the respondent filed a motion in the 247th Family District Court of Harris County, Texas, alleging that relator was in contempt for failure to abide by the terms of the divorce decree and that for the period from the date of the decree and through November 1978 he was in arrears in child support payments in the total sum of $8,400.00. On January 8, 1979, relator filed a plea to the jurisdiction and in bar of the contempt proceedings, contending that the 301st Judicial District Court of Dallas County had continuing jurisdiction with respect to alleged contempt.

On January 12, 1979, the 247th Family District Court of Harris County adjudged relator to be in contempt of the child support provisions of the Dallas County divorce decree and fixed his confinement in the County Jail of Harris County for a period of 30 days and until he purged himself of such contempt by paying the sum of $6,205.80 to the Harris County Probation Department as child support for his minor children.

The principal question for this court's determination is whether the Harris County court, to which the Dallas County proceedings were transferred, had jurisdiction to consider respondent's motion that relator be held in contempt for acts which allegedly occurred prior to the date of the transfer.

The statutory provision of the Texas Family Code which authorizes the transfer of pending proceedings from one county to another specifies that the court to which the transfer has been made "becomes the court of continuing jurisdiction" and that "all proceedings in the suit are continued as if it were brought there originally." Sec. 11.06(h) Tex.Family Code. It is the respondent's position that the legislature intended by this enactment to give the court to which the proceedings are transferred full jurisdiction to hear all matters thereafter affecting the parent-child relationship, including contempt proceedings for the enforcement of prior orders issued in the case.

The respondent's contention is persuasive, but the issue appears to have been determined contrary to his position by the Texas Supreme Court in *Ex Parte Gonzalez*, 111 Tex. 399, 238 S.W. 635 (1922). In *Gonzalez*, a contempt decree was issued by the 41st District Court of El Paso County on the basis of a violation of the terms of a prior decree issued by the 65th District Court of El Paso County. Prior to the filing of the contempt motion, the proceedings had been transferred from the 41st District Court to the 65th District Court, but the alleged contemptuous acts occurred prior to the date of the transfer. Both in the instant case and in *Gonzalez* the transfer was made under a statutory provision that the court to which the transfer was made "had jurisdiction of the case as though the suit had originally been brought in that court." The Texas Supreme Court, speaking through Chief Justice Cureton, held that only the court in which the proceedings were pending at the time of the occurrence of the alleged violations had the authority to order punishment for contempt.

> "The Sixty-Fifth and Forty-First district courts of El Paso county are separate and distinct courts. The jurisdiction of each is plenary and exclusive as to cases filed therein, until a transfer is made in accordance with statute. Neither court is the agency of the other for the purpose of inflicting punishment, or for any other purpose. The power to punish for contempt, whether expressly conferred by some positive enactment or regarded as incident to jurisdiction conferred upon the court, exists for the purpose of enabling it to compel due decorum and respect in its presence, and due obedience to its judgments, orders, and process." 238 S.W. 636.

The respondent's motion for contempt shows that the 247th Family District Court of Harris County lacked jurisdiction to consider the allegations of contempt contained in the motion. Thus, relator's plea to the

jurisdiction was not required to be verified. *Wilson v. Adams*, 15 Tex. 323 (Tex.Sup. 1855).

Since the 247th Family District Court of Harris County lacked jurisdiction to consider the matters contained in respondent's motion for contempt, it is unnecessary to determine whether the contempt order is otherwise void.

The relator is ordered discharged from custody.