Writ of Habeas Corpus Granted, Opinion and Order issued May 26, 1999



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-99-00703-CV

## IN RE ANGELIA K. BURLESON f/k/a ANGELIA K. PHELPS, Relator

Original Proceeding from the 330th Judicial District Court
Dallas County, Texas
Trial Court Cause No. 94-2763-Y

# OPINION AND ORDER

Before Justices Kinkeade, James, and Roach
Opinion By Justice James

In this habeas corpus proceeding, relator Angelia K. Burleson f/k/a Angelia K. Phelps was held in contempt of court for her failure to comply with a divorce decree requirement that she inform her ex-spouse of her current home address, home telephone number, name of employer, place of employment, work telephone number, and the address of their child's school or day care center each time any change occurred. The trial court ordered relator committed to jail for two years but suspended the sentence and placed relator on two years probation. Because we conclude the trial court's imposition of a two year sentence of confinement is beyond the maximum allowed by law, we grant the writ of habeas corpus.

Angelia K. Burleson and Scott A. Phelps were married and had one child, Wesley Phelps. Burleson and Phelps subsequently divorced. The final divorce decree appointed Burleson and Phelps as joint managing conservators of Wesley, with the dates of their respective rights to possession of Wesley specified in the decree. The decree also ordered Phelps and Burleson to keep each other

informed of his or her current home address, home telephone number, name of employer, place of employment, work telephone number, and the address of Wesley's school or day care center.

Phelps filed a motion for enforcement of the divorce decree alleging Burleson did not comply with the decree's provision for Phelps' possession of Wesley approximately thirty-six times. Phelps also contended Burleson failed to comply with the divorce decree provision requiring Burleson inform him when she changed her place of residence. Phelps requested the trial court hold Burleson in contempt for failing to comply with the divorce decree order and impose a jail sentence and fine. After a hearing, the trial court granted the motion in part. In its order, the trial court crossed through all findings of contempt except, in pertinent part, the finding that Burleson failed to keep Phelps fully and promptly informed of changes in her current home address.

The trial court assessed attorney's fees and costs in the amount of $1290 against Burleson. The trial court also imposed a two year sentence of confinement in jail for the contempt. The trial court suspended the sentence and placed Burleson on probation for two years. Burleson then filed this petition for writ of habeas corpus. In her first issue, Burleson contends probation is a sufficient restraint on her liberty to permit the filing of a petition for writ of habeas corpus. In her three other issues, Burleson argues the trial court's order of enforcement and suspension of commitment to confinement is void because: (1) the maximum incarceration period for criminal contempt is six months; (2) the motion for enforcement was not sufficiently specific as to the alleged violation dates; and (3) the order of enforcement is not sufficiently specific as to the alleged dates, times, and places where Burleson failed to inform Phelps of changes in her current home address, home telephone number, and the address of Wesley's school.

The trial court's probation order requires Burleson to report to the probation officer each month. The Texas Supreme Court has held the imposition of probation, with a requirement that the relator report to a probation officer, is a sufficient restraint on a relator's liberty to entitle the relator to the right to

petition for writ of habeas corpus. *See Ex parte Brister*, 801 S.W.2d 833, 834-35 (Tex. 1990) (orig. proceeding). Therefore, Burleson is entitled to habeas corpus review and we sustain her first issue. *See id.* However, in order to grant the writ of habeas corpus, this Court must find the commitment order is void, "either because it was beyond the power of the court or because it deprived the relator of his liberty without due process of law." *See Ex parte Barnett*, 600 S.W.2d 252, 254 (Tex. 1980) (orig. proceeding).

In this case, the sentence imposed by the trial court in its order of enforcement is for criminal or "punitive" contempt because the relator cannot by her own actions "purge" herself of the contempt and avoid the sentence. *See Ex parte Johns*, 807 S.W.2d 768, 770-71 (Tex. App.–Dallas 1991, orig. proceeding). The Texas Government Code provides a trial court is limited to imposition of a sentence of not more than six months confinement for each finding of criminal contempt. *See* TEX. GOV'T. CODE ANN. § 21.002(b) (Vernon 1988). We conclude the trial court's enforcement order is void because it imposes a sentence of two years confinement, which is beyond the maximum sentence permitted by law. *See id.* Therefore, we sustain Burleson's second issue.

In her third and fourth issues, Burleson contends Phelps' motion for enforcement and the trial court's order do not specify the dates for each alleged act of contempt as required by the Texas Family Code. The family code provisions referred to by relator involve the requirements for motions to enforce payment of child support obligations. *See* TEX. FAM. CODE ANN. § 157.002 (b) (Vernon Supp. 1999). The particular provision being enforced in this case is not one for payment of child support. Therefore, we hold the requirement to include the dates of noncompliance does not apply in this case. The family code requires a motion for enforcement of other provisions of a divorce decree to state in ordinary and concise language the provision of the order allegedly violated and sought to be enforced, the manner of noncompliance, and the relief requested, along with the signature of the movant or her attorney. *See* TEX. FAM. CODE ANN. § 157.002 (a) (Vernon 1996). The motion in the present case meets these requirements. Consequently, we deny Burleson's third and fourth issues.

We hereby **GRANT** relator's petition for writ of habeas corpus because the trial court improperly imposed a sentence of more than six months confinement for one act of criminal or "punitive" contempt. We hereby **ORDER** Angelia K. Burleson f/k/a Angelia K. Phelps unconditionally released and discharged from those portions of the orders issued February 1, 1999 by the 330th District Court of Dallas County, Texas in cause number 94-2763-Y styled *In the Interest of Wesley Phelps, a Child* imposing a sentence for contempt and conditions of probation for two years on Angelia K. Burleson f/k/a Angelia K. Phelps.

TOM JAMES
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
990703F.U05

-4-



**Court of Appeals**
**Fifth District of Texas at Dallas**
George L. Allen Sr. Courts Building
600 Commerce Street, Second Floor
Dallas, Texas 75202-4658





SCOTT A PHELPS
10840 MALADY
DALLAS TX 75228



RETURN



NOT DELIVERABLE AS ADDRESSED