IN RE HANCOCK

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-040-CV

IN RE 

RAYMOND GLENN HANCOCK RELATOR

------------

ORIGINAL PROCEEDING

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Relator has filed a petition for writ of habeas corpus seeking release from the Tarrant County Jail.  On January 20, 2006, pursuant to an verbal order of contempt and a written order of commitment, the trial court confined relator to the Tarrant County Jail for criminal and civil constructive contempt
(footnote: 2) as a result of his violation of ten provisions set forth in two temporary orders issued by the trial court in this divorce and suit affecting the parent-child relationship.
(footnote: 3)  
See
 
Tex. Fam. Code Ann.
 § 6.506 (Vernon 1998) (providing that trial court may punish violation of temporary order issued during pendency of divorce proceeding by contempt).  On February 3, 2006, this court ordered relator released on a $1,000 bond pending the outcome of this original proceeding.  
See
 
Tex. R. App. P.
 52.8(b)(3).  According to the parties, the trial court still had not signed a written order of contempt at that time.

To punish a person for constructive contempt, due process requires both (1) a written judgment of contempt and (2) a written order of commitment.  
See Ex parte Strickland
, 723 S.W.2d 668, 669 (Tex. 1987) (orig. proceeding); 
In re Markowitz
, 25 S.W.3d 1, 3 (Tex. App.—Houston [14th Dist.] 1998, orig. proceeding)
.  A written contempt order must clearly state in what respect the trial court’s order has been violated.  
Ex parte Barnett
, 600 S.W.2d 252, 256 (Tex. 1980) (orig. proceeding)
.
(footnote: 4)  When either the written order of commitment or the judgment of contempt on which it is based are not available for the trial court’s signature at the time of the hearing, the court must sign them without undue delay, within a “short and reasonable time” following the verbal order.  
Ex parte Amaya
, 748 S.W.2d 224, 225 (Tex. 1988) (orig. proceeding); 
In re Brown
, 114 S.W.3d 7, 9 (Tex. App.—Amarillo 2003, orig. proceeding).  Even if the trial court issues a written commitment order within a reasonable time after a person is detained under a verbal contempt order, due process requires the trial court to also issue a written contempt order within a reasonable time after the detention.  
Barnett
, 600 S.W.2d at 253-54, 256; 
Markowitz
, 25 S.W.3d at 3
.  A writ of habeas corpus will issue if the trial court’s contempt order is void because the relator has not been afforded due process.  
In re Henry
, 154 S.W.3d 594, 596 (Tex. 2005) (orig. proceeding).

In 
Ex parte Morgan
, the Amarillo Court of Appeals held that a four-day delay between the relator’s confinement under a written commitment order and the signing of a contempt judgment violated the relator’s due process rights.  886 S.W.2d 829, 831-32 (Tex. App.—Amarillo 1994, orig. proceeding); 
see Littleton
, 97 S.W.3d at 842 n.1.  And in 
Markowitz
, the Houston Fourteenth District Court of Appeals held that a seven-day delay between the signing of a written commitment order and a written contempt judgment was not short and reasonable.  25 S.W.3d at 4-5.

Here, when relator filed this original proceeding on February 3, 2006, the trial court still had not signed a written contempt order two weeks after relator’s incarceration.  Further, our review of the record filed by both relator and real party in interest reveals that no contempt order has ever been signed; the trial court signed only a bare commitment order.
(footnote: 5)  Thus, we conclude that the trial court did not sign a written contempt order within a reasonable time after relator’s incarceration.  
See, e.g., id
.

We grant the relief requested in relator’s petition for writ of habeas corpus and order that relator be released from bond and discharged from custody.
(footnote: 6)

 PER CURIAM

PANEL B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DELIVERED: March 6, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See In re Sheshtawy
, 154 S.W.3d 114, 125-26 (Tex. 2004) (orig. proceeding).

3:
Specifically, the trial court verbally found on the record that relator violated Agreed Interim Temporary Orders dated August 27, 2004 by improperly cancelling real party in interest’s health insurance coverage, incurring indebtedness ($75,000) for purposes other than legal expenses, and withdrawing $47,564.57 via cashier’s check and paying off the entire balance of the debt on his 2004 Chevrolet motor vehicle; and that he violated Temporary Orders dated November 16, 2004 by failing to pay three months’ of spousal support to real party in interest, by withdrawing all proceeds ($101,334.70) of a certificate of deposit and misrepresenting or refusing to disclose to the trial court, or both, “the existence, amount or location of the $101,334.70,” by withdrawing $90,000 in cash from his checking account, by transferring the sum of $75,000 to his sister, and by withdrawing all proceeds ($56,845.96) of another certificate of deposit. 

4:
Although the family code sets forth in detail the required information that must be included in a contempt order enforcing a trial court’s final or temporary orders related to child support or possession of or access to a child, 
see
 
Tex. Fam. Code Ann.
 §§ 157.001, 157.166 (Vernon 2002); 
Ex parte Littleton
, 97 S.W.3d 840, 842 (Tex. App.—Texarkana 2003, orig. proceeding)
, it does not prescribe any specific requirements that must be included in a written contempt order enforcing a trial court’s temporary orders unrelated to child support or possession matters, 
see
 
Tex. Fam. Code Ann
. § 6.506.  Thus, such an order must at least comply with due process by clearly stating in what respect the trial court’s order has been violated.  
See Barnett
, 600 S.W.2d at 256.

5:
Although a contempt order and commitment order may be included in the same document, the written commitment order in this case cannot support relator’s confinement because it fails to specifically state how, when, and where relator violated the temporary orders.  
See Markowitz
, 25 S.W.3d at 3; 
see also Barnett
, 600 S.W.2d at 256
.

6:
Our review and disposition are limited to the trial court’s January 20 verbal order of commitment.