COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

                                        NO.
2-06-040-CV

 

IN RE 

 

RAYMOND GLENN HANCOCK                                                   RELATOR

 

 

                                              ------------

 

                                    ORIGINAL PROCEEDING

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Relator has filed a petition
for writ of habeas corpus seeking release from the Tarrant County Jail.  On January 20, 2006, pursuant to an verbal
order of contempt and a written order of commitment, the trial court confined
relator to the Tarrant County Jail for criminal and civil constructive contempt[2]
as a result of his violation of ten provisions set forth in two temporary
orders issued by the trial court in this divorce and suit affecting the
parent-child relationship.[3]  See Tex.
Fam. Code Ann. ' 6.506
(Vernon 1998) (providing that trial court may punish violation of temporary
order issued during pendency of divorce proceeding by contempt).  On February 3, 2006, this court ordered
relator released on a $1,000 bond pending the outcome of this original
proceeding.  See Tex. R. App. P. 52.8(b)(3).  According to the parties, the trial court
still had not signed a written order of contempt at that time.








To punish a person for constructive contempt, due process
requires both (1) a written judgment of contempt and (2) a written order of
commitment.  See Ex parte Strickland,
723 S.W.2d 668, 669 (Tex. 1987) (orig. proceeding); In re Markowitz, 25
S.W.3d 1, 3 (Tex. App.CHouston [14th Dist.] 1998, orig. proceeding).  A written contempt order must clearly state
in what respect the trial court=s order has been
violated.  Ex parte Barnett, 600
S.W.2d 252, 256 (Tex. 1980) (orig. proceeding).[4]  When either the written order of commitment
or the judgment of contempt on which it is based are not available for the
trial court=s signature at the time of the hearing,
the court must sign them without undue delay, within a Ashort and
reasonable time@ following the verbal order.  Ex parte Amaya, 748 S.W.2d 224, 225
(Tex. 1988) (orig. proceeding); In re Brown, 114 S.W.3d 7, 9 (Tex. App.CAmarillo 2003,
orig. proceeding).  Even if the trial
court issues a written commitment order within a reasonable time after a person
is detained under a verbal contempt order, due process requires the trial court
to also issue a written contempt order within a reasonable time after the
detention.  Barnett, 600 S.W.2d at
253-54, 256; Markowitz, 25 S.W.3d at 3. 
A writ of habeas corpus will issue if the trial court=s contempt order
is void because the relator has not been afforded due process.  In re Henry, 154 S.W.3d 594, 596 (Tex.
2005) (orig. proceeding).








In Ex parte Morgan,
the Amarillo Court of Appeals held that a four‑day delay between the
relator=s confinement under a written commitment order and the signing of a
contempt judgment violated the relator=s due process rights.  886
S.W.2d 829, 831‑32 (Tex. App.CAmarillo 1994, orig. proceeding); see Littleton, 97 S.W.3d at
842 n.1.  And in Markowitz, the
Houston Fourteenth District Court of Appeals held that a seven-day delay
between the signing of a written commitment order and a written contempt
judgment was not short and reasonable. 
25 S.W.3d at 4-5.

Here, when relator filed this
original proceeding on February 3, 2006, the trial court still had not signed a
written contempt order two weeks after relator=s incarceration.  Further, our
review of the record filed by both relator and real party in interest reveals
that no contempt order has ever been signed; the trial court signed only a bare
commitment order.[5]  Thus, we conclude that the
trial court did not sign a written contempt order within a reasonable time
after relator=s
incarceration.  See, e.g., id.








We grant the relief requested
in relator=s petition
for writ of habeas corpus and order that relator be released from bond and
discharged from custody.[6]

 

                                                        PER CURIAM

 

PANEL B:   LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

 

DELIVERED:
March 6, 2006











[1]See Tex.
R. App. P. 47.4.





[2]See In re Sheshtawy, 154 S.W.3d 114, 125-26 (Tex.
2004) (orig. proceeding).





[3]Specifically, the trial court
verbally found on the record that relator violated Agreed Interim Temporary
Orders dated August 27, 2004 by improperly cancelling real party in interest=s health insurance coverage,
incurring indebtedness ($75,000) for purposes other than legal expenses, and
withdrawing $47,564.57 via cashier=s check and paying off the entire balance of the debt on
his 2004 Chevrolet motor vehicle; and that he violated Temporary Orders dated
November 16, 2004 by failing to pay three months= of spousal support to real party
in interest, by withdrawing all proceeds ($101,334.70) of a certificate of
deposit and misrepresenting or refusing to disclose to the trial court, or
both, Athe existence, amount or location
of the $101,334.70,@ by withdrawing $90,000 in cash
from his checking account, by transferring the sum of $75,000 to his sister,
and by withdrawing all proceeds ($56,845.96) of another certificate of deposit.






[4]Although the family code sets forth
in detail the required information that must be included in a contempt order
enforcing a trial court=s final or temporary orders related
to child support or possession of or access to a child, see Tex. Fam. Code Ann. '' 157.001, 157.166 (Vernon 2002); Ex
parte Littleton, 97 S.W.3d 840, 842 (Tex. App.CTexarkana
2003, orig. proceeding),
it does not prescribe any specific requirements that must be included in a
written contempt order enforcing a trial court=s temporary orders unrelated to
child support or possession matters, see Tex. Fam. Code Ann. ' 6.506.  Thus, such
an order must at least comply with due process by clearly stating in what
respect the trial court=s order has been violated.  See Barnett, 600 S.W.2d at 256.





[5]Although a contempt order and
commitment order may be included in the same document, the written commitment
order in this case cannot support relator=s confinement because it fails to specifically state how,
when, and where relator violated the temporary orders.  See Markowitz, 25 S.W.3d at 3; see
also Barnett, 600 S.W.2d at 256.





[6]Our review and disposition are
limited to the trial court=s January 20 verbal order of commitment.