# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00182-CV

## In re Rhett Webster Pease

### ORIGINAL PROCEEDING FROM LEE COUNTY

## M E M O R A N D U M   O P I N I O N

In this original proceeding, Dessie Maria Andrews seeks an "Emergency Application for Habeas Relief" on behalf of her son, Rhett Webster Pease, who was arrested and detained pursuant to a capias order. For the reasons that follow, we deny her application for habeas corpus relief.

"A writ of habeas corpus is a collateral attack on the trial court's order, and it is the relator's burden to demonstrate that the order is void because it was either beyond the power of the court to issue it or because the order deprived the relator of his liberty without due process of law." *In re Aguilera*, 37 S.W.3d 43, 47 (Tex. App.—El Paso 2000, orig. proceeding); *see also Ex parte Barnett*, 600 S.W.2d 252, 254 (Tex. 1980) (to order release of relator in habeas corpus proceeding, "the trial court's order of commitment must be void, either because it was beyond the power of the court or because it deprived the relator of his liberty without due process of law."). In a habeas corpus proceeding, the relator bears the burden to bring forward an adequate record, providing proof of the necessary elements for the relief requested, or an appellate court must presume that the

evidence supports the trial court's judgment or actions. *See Ex parte Linder*, 783 S.W.2d 754, 760 (Tex. App.—Dallas 1990, orig. proceeding).

The underlying proceeding is an enforcement action by the Office of the Attorney General of Texas against Pease to enforce child support obligations. After Pease failed to appear before the trial court as ordered in the child support enforcement action, the trial court ordered the issuance of a capias, authorizing Pease's arrest, pending his appearance at a hearing on the motion to enforce and for contempt. The capias also provided for Pease's release upon the posting of a cash bond in the amount of $2,800, pending his appearance at the hearing. After Pease was arrested pursuant to the capias order, Andrews filed an "Emergency Application for Habeas Relief" on behalf of Pease seeking his release from custody.[1] The Attorney General filed a response at the request of this Court.

In Andrews's application, she contends that the capias order is void. She contends the trial court has not had "plenary power or jurisdiction" to hold hearings or enter any order from July 2007 forward because Pease has had various appeals pending in the underlying proceeding.[2] Under the family code, however, a trial court retains jurisdiction to enforce its own orders during the pendency of an appeal, and an appeal does not suspend an order unless the appellate court or the

---

[1] On March 28, 2008, the Attorney General provided notice to this Court that Pease was released from jail on bond.

[2] Pease filed interlocutory appeals from cause number 12,380 in the 21st District Court of Lee County that were dismissed for lack of jurisdiction. *See Pease v. Texas Att'y Gen.*, No. 03-07-00432-CV, slip op. at 1 (Tex. App.—Austin March 20, 2008, no pet. h.) (mem. op.); *Pease v. Texas Att'y Gen.*, No. 03-07-00704-CV, slip op. at 1 (Tex. App.—Austin Jan. 8, 2008, no pet.) (mem. op.). On February 12, 2008, Pease filed an additional notice of interlocutory appeal with this Court appealing an order denying change of venue, an order regarding cash bond, and the order for capias, and on February 13, 2008, Pease also initiated a mandamus proceeding.

court that rendered the order suspends the order. *See* Tex. Fam. Code Ann. §§ 109.001, .002(c) (West 2002). The trial court, therefore, did not exceed its power by enforcing its own child support orders and issuing a capias for Pease's failure to appear at the hearing on the motion to enforce and for contempt.

Andrews also contends that habeas corpus relief should be granted because the trial court violated Pease's due process rights. She contends that the executed capias was not supported by a probable cause affidavit and thus violated Pease's right to be "free of unreasonable searches and seizures." The executed capias, however, was a properly supported order for Pease's failure to appear at the enforcement hearing to respond to child support contempt allegations. In its order for issuance of a capias, the trial court found that Pease was served with notice of the date, time, and place to appear for the hearing on the motion to enforce, but that he failed to appear for the hearing.

Andrews also contends that Pease's due process rights were violated because Pease was denied access to the courts. Pease apparently is under a district court's order to obtain the approval of an administrative judge before filing documents with the clerk due to his designation as a vexatious litigant, but Andrews has failed to provide record support that an administrative judge prevented Pease from filing any document. Andrews has failed to show that Pease was denied access to the courts.[3]

---

[3] Andrews also contends that Pease was denied the right to a jury trial and counsel. Her contention as to Pease's right to a jury trial is premature because the contempt hearing has not been held and no sentence has yet been imposed. In any event, Pease does not have the right to a jury trial in the contempt proceeding if the incarceration sought is for six months or less and or a fine of $500 or less. *See Ex parte Werblud*, 536 S.W.2d 542, 546-47 (Tex. 1976). As to Pease's denial of counsel, she states in her application that Pease has appointed counsel.

Andrews's emergency application for habeas corpus relief on behalf of Rhett Webster Pease is denied. *See* Tex. R. App. P. 52.8(a).

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Filed: April 3, 2008

4