

# NUMBER 13-12-00141-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE LAURA HERNANDEZ FLORES

## On Petition for Writ of Habeas Corpus.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Vela
### Per Curiam Memorandum Opinion[1]

Relator, Laura Hernandez Flores, filed a petition for writ of habeas corpus in the above cause on February 29, 2012, contending that she is being illegally confined for contempt. We deny the petition as stated herein.

In a habeas corpus action challenging confinement for contempt, the relator bears the burden of showing that the contempt order is void. *In re Coppock*, 277 S.W.3d 417, 418 (Tex. 2009) (orig. proceeding). An order is void if it is beyond the

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

power of the court to enter it, or if it deprives the relator of liberty without due process of law.  *See id.*; *Ex parte Barnett*, 600 S.W.2d 252, 254 (Tex. 1980) (orig. proceeding).

The contents of petitions for writs of habeas corpus are governed by Texas Rule of Appellate Procedure 52.3 and 52.7.  *See generally* Tex. R. App. P. 52.3, 52.7. Relator's petition for writ of habeas corpus does not contain all of the materials required by the appellate rules.  Specifically, for instance, every statement of fact in the petition is not supported by citation to competent evidence included in the appendix or record, *id.* R. 52.3(g); the appendix does not include proof that the relator is being restrained, *id.* R. 52.3(k)(D); the record does not contain a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in the underlying proceeding, *id.* R. 52.7(a)(1); and the record does not include a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained, *id.* R. 52.7(a)(2).  In this regard, we note that the order at issue in this case was issued after a series of various pleadings were filed and different hearings were held.  Further, the substantive issues raised by this habeas require evidentiary support in the record.

The Court, having examined and fully considered the petition for writ of habeas corpus, is of the opinion that relator has not shown herself entitled to the relief sought. Accordingly, the petition for writ of habeas corpus is DENIED without prejudice.  *See* Tex. R. App. P. 52.8(a).

PER CURIAM

Delivered and filed the
1st day of March, 2012.

2