

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00295-CV

_____

IN RE REECE MICHAEL JACOBS, Relator

---

Original Proceeding
362nd District Court of Denton County, Texas
Trial Court No. 2013-40293-362

---

Before Kerr, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

## I. Introduction

On May 28, 2025, Respondent, the 362nd District Court of Denton County, Texas, commanded—in a pre-printed order-of-commitment form with blanks—that Relator Reece Michael Jacobs be taken to "the *County Jail of Tarrant County, Texas* until he has served 180 days." [Emphasis added.] The commitment order also stated that it was issued "under an Order entered by the *362nd District Court of Tarrant County, Texas* in Cause number 2013-40293-362 wherein said [Relator] was found to be in Contempt of Court and sentenced to serve 180 days in the *County Jail of Tarrant County, Texas* or until further Order of the Court, whichever occurs first." [Emphases added.] It also ordered him "to pay 7500.00 for coercive contempt."

Relator was confined in the Denton County Jail.

Not quite a month after the trial court signed the commitment order, and five days before Relator filed this original proceeding, the trial court attempted to change the references to Tarrant County to Denton County via nunc pro tunc. The order on the real party in interest's motion for judgment nunc pro tunc left blank the date that the court considered the motion and merely ordered that the nunc pro tunc order be entered "as shown on the attached order, Exhibit A." The attached order, "Order of Commitment (Nunc Pro Tunc)," was neither signed nor dated.

In two issues, Relator seeks a writ of habeas corpus, arguing that the trial court's order of commitment and subsequent nunc pro tunc order are invalid and, in

his prayer, requests a new hearing.[1] We grant partial relief, order Relator discharged from custody, and release his bond.[2]

## II. Invalid Commitment and Nunc Pro Tunc Orders

In his first issue, Relator complains that the trial court's May 28, 2025 commitment order is void when it commands confinement in a county jail outside the issuing court's territorial jurisdiction, and in his second issue, he asserts that his confinement is illegal when the sole authority for it is a facially void court order. Real party in interest "concedes that the Commitment Order form mistakenly referenced the 362nd District Court of Tarrant County and designated the Tarrant County Jail as the place of confinement, despite the proceedings being held in Denton County."[3]

---

[1]Real party in interest also requests a remand, but not for a new hearing. Instead, she asks for "further proceedings addressing the documentation errors by issuing a proper written judgment of contempt and commitment order" and would like Relator to be continued on bond until that time. Because the purpose of a habeas corpus proceeding is to determine whether Relator has been unlawfully restrained, *see In re Hall*, 433 S.W.3d 203, 207 (Tex. App.—Houston [14th Dist.] 2014, orig. proceeding), his restraint is the only issue before us.

[2]While awaiting a response from the real party in interest, this court ordered Relator discharged upon filing of a bond.

[3]Real party in interest attempts to reframe the issue as

Whether the clerical misstatement of the place of confinement in the commitment order is void when it is otherwise facially valid, lawfully issued, supported by proper service, evidence, judicial findings, the confinement was exercised in the proper county; and if so, the case

"A person may not be confined without a valid order of commitment." *Ex parte Wilson*, 797 S.W.2d 6, 7 (Tex. 1990) (orig. proceeding). "A commitment order is the warrant, process, or order by which a court directs a ministerial officer to take custody of a person." *In re Jorge*, No. 02-12-00407-CV, 2012 WL 5275343, at *1 (Tex. App.—Fort Worth, Oct.26, 2012, orig. proceeding) (mem. op.).

"[T]o order the release of relator, the trial court's order of commitment must be void, either because it was beyond the power of the court or because it deprived the relator of his liberty without due process of law." *Ex parte Barnett*, 600 S.W.2d 252, 254 (Tex. 1980) (orig. proceeding). In *Barnett*, the supreme court held that a commitment order that was not based on a contemporaneous written judgment of contempt was void and ordered the relator discharged from custody. *Id.* at 256–57. Similarly, the record before us contains a commitment order but no contempt order—contemporaneous or otherwise—a clear due-process concern among the others raised by the defective commitment order. *See id.* at 254.[4]

should be remanded to the trial court for further proceedings to address the contempt issues and issues arising from the order.

But, with her response, she provided no record to support any of these assertions about lawful issuance, proper service, evidence, judicial findings, or the exercise of confinement in the proper county, and—as noted above—the only issue before us here is Relator's unlawful restraint. *See Hall*, 433 S.W.3d at 207.

[4]In *Barnett*, the trial court signed a contempt order after jurisdiction had vested in the appellate court, so the trial court had lost jurisdiction over the contempt order. 600 S.W.2d at 256–57.

Further, this state is divided into judicial districts, and a district court "shall conduct its proceedings at the county seat of the county in which the case is pending, except as otherwise provided by law." Tex. Const. art. V, § 7(a), (d). "The 362nd Judicial District is composed of Denton County." Tex. Gov't Code Ann. § 24.507. The order here commands "the sheriff or any constable of the State of Texas," but it is unclear from this record how a *Denton County* sheriff could understand a *Denton County* court order confining Relator to the *Tarrant County* Jail as authority to confine Relator in Denton County, or as authority to confine him in the *Denton County* Jail contrary to the above instruction.

On its face, the May 28, 2025 order was insufficient to confine Relator to *Denton County* Jail because it did not specify the *Denton County* Jail, and it was insufficient to confine him to the *Tarrant County* Jail because that jail was outside the trial court's judicial district. Under either construction, the order constituted an illegal restraint. *See In re Ruiz*, No. 02-13-00148-CV, 2013 WL 2338614, at *1 (Tex. App.—Fort Worth May 30, 2013, orig. proceeding) (mem. op.) (granting relief from illegal restraint based on commitment-order deficiencies); *see also In re Henry*, 154 S.W.3d 594, 596 (Tex. 2005) (orig. proceeding) (stating that a commitment order that violates the Texas Constitution is beyond the court's power and is void). We sustain Relator's first issue.

Regarding the trial court's attempt to salvage the inadequate commitment order through nunc pro tunc, clerical mistakes may be corrected by the judge in open court

5

in a judgment nunc pro tunc "according to the truth or justice of the case *after notice of the motion therefor has been given to the parties interested in such judgment* . . . and thereafter the execution shall conform to the judgment as amended." Tex. R. Civ. P. 316 (emphasis added). The order on motion for judgment nunc pro tunc does not reflect when the trial court considered the motion—the date space has been left blank—and does not indicate whether Relator was given any notice. The actual "Order of Commitment (Nunc Pro Tunc)" is unsigned and undated. We sustain Relator's second issue.

### III. Conclusion

Having sustained both of Relator's issues, we order Relator immediately discharged from custody and order him and any sureties discharged from all obligations on his bond.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: July 14, 2025

6