**Ex parte George Oliver
ALFORD, Relator.**

**No. 01–92–00057–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 12, 1992.

Marvin R. Kanak, Needville, for relator.

Tom Lambright, Houston, for respondent.

Before DUGGAN, DUNN and O'CONNOR, JJ.

## OPINION

PER CURIAM.

Relator seeks a writ of habeas corpus to secure his release from confinement by virtue of a commitment order signed on August 29, 1991, by the 328th District Court of Fort Bend County. The commitment order followed a hearing in which the trial court held relator in contempt for failure to pay child support as ordered in a final divorce decree. After relator filed his petition for a writ of habeas corpus in this Court, we ordered him released on bond pending a determination of the merits of the petition. We now grant the writ.

The certified transcript filed by relator with his petition shows that on May 24, 1979, the 328th District Court of Fort Bend County signed a divorce decree that ordered relator to pay child support to the real party-in-interest in the amount of $175 per month, payable on the fifteenth day of each month. Twelve years later, on May 17, 1991, the real party-in-interest filed in the same court a motion to enforce the child support order by contempt. This motion specifically set out the child support provisions of the May 24, 1979, divorce decree that the real party-in-interest sought to enforce, and specifically alleged each date relator failed to pay child support and the amount due.[1] On July 17, 1991, the real party-in-interest filed an identical motion.

On August 29, 1991, the trial court signed a commitment order after a hearing at which relator and the real party-in-interest appeared. In this order, the trial court found that relator failed to comply with the child support provisions in the May 24,

1979, divorce decree, and that relator's total child support arrearage was $11,666. The trial court adjudged relator in contempt for failure to comply with the May 24, 1979, divorce decree, and ordered relator confined in the Fort Bend County Jail by the Sheriff of Fort Bend County for 180 days and thereafter until relator paid the entire child support arrearages of $11,666. On August 29, 1991, relator was confined in the Fort Bend County Jail pursuant to the commitment order.

On October 11, 1991, the trial court signed a written order of contempt and "For Commitment to County Jail." In this order, the trial court (1) found that relator failed to comply with the child support provisions of the May 24, 1979, divorce decree, and (2) incorporated by reference to the minutes of the court the terms of the May 24, 1979, divorce decree that the real party-in-interest sought to enforce. The trial court found relator's total child support arrearage was $11,666, and specifically set out each date between November 15, 1985, and May 15, 1991, that relator failed to pay child support and the amount due.[2] The trial court adjudged relator in contempt for each separate violation of the May 24, 1979, divorce decree, and sentenced him to six months in the Fort Bend County Jail for each violation, to be served concurrently. The trial court ordered relator confined thereafter until he paid the entire arrearage of $11,666, together with costs and attorney fees. The trial court signed an identical order on November 1, 1991.

 In support of his petition, relator argues, among other things, that the August 29, 1991, commitment order, by virtue of which he is confined, is void because it does not contain the necessary findings to support an order of contempt. For this Court to order relator's release, the commitment order must be void either because

---

1. *See* TEX.FAM.CODE ANN. § 14.312 (Vernon Supp. 1992) (requires a motion for contempt for failure to pay child support to allege the portion of the order violated and to specify for each date of contempt the amount due and the amount paid, if any). According to the allegations in the real party-in-interest's motion, relator failed

to pay any child support between November 15, 1985, and May 15, 1991.

2. According to the trial court's findings, the relator failed to pay any child support between November 15, 1985, and May 15, 1991.

it was beyond the trial court's power or because it deprived the relator of his liberty without due process of law. *Ex parte Barnett*, 600 S.W.2d 252, 254 (Tex.1980, orig. proceeding).

■ Here, because the trial court signed no order of contempt coincidentally with its signing of the commitment order and the resulting confinement of relator, due process requires that the commitment order contain all the essential elements of an order of contempt. *See Barnett*, 600 S.W.2d at 256. This means that (1) the commitment order was required to set out in what respect relator violated the May 24, 1979, divorce decree, and (2) because the commitment order imposed incarceration, it was required to set out specifically the time, date, and place of each occasion relator failed to comply with the May 24, 1979, divorce decree. *Ex parte Boykins*, 764 S.W.2d 590, 592 (Tex.App.—Houston [1st Dist.] 1989, orig. proceeding); TEX.FAM. CODE ANN. § 14.33(a) (Vernon Supp.1992) (if an enforcement order imposes incarceration or a fine, the order must contain findings setting out specifically and with particularity or incorporating by reference the provisions of the final order, decree, or judgment for which enforcement is sought and the time, date, and place of each occasion on which the obligor failed to comply with the provision); *see also Barnett*, 600 S.W.2d at 256.

Here, the commitment order of August 29, 1991, standing alone, does not specifically set out the time, date, and place of each occasion relator failed to comply with the decree of May 24, 1979; it sets out only relator's total child support arrearage. Therefore, the commitment order is void because it fails to comply with the specificity requirements of section 14.33(a). *See Boykins*, 764 S.W.2d at 591–92 (a commitment order is void if it fails to set out specifically and with particularity the time, date, and place of each occasion relator failed to comply with the child support provisions in a divorce decree).

■ The trial court may cause a contemnor to be detained for a "short and reasonable time" while the judgment of contempt and order of commitment are prepared for the court's signature. *See Barnett*, 600 S.W.2d at 257. Here, the trial court signed written orders of contempt on October 11, 1991, approximately 40 days after relator's confinement, and then again on November 1, 1991, both of which arguably contain the necessary findings to support the relator's incarceration. However, we decide that approximately 40 days is not a "short and reasonable time" to confine the relator until a valid judgment of contempt is signed. *See id.* (the trial court, which confined relator on an invalid oral judgment of contempt, may not attempt to cure its denial of due process by signing a written judgment of contempt 80 days later).

In light of the foregoing, we find it unnecessary to address relator's other points. We grant relator's petition for writ of habeas corpus, and order him discharged from the commitment order of August 29, 1991. This opinion and order do not relieve relator from his child support obligations.