**Ex parte Billy W. JORDAN.**

**No. D–4276.**

Supreme Court of Texas.

Nov. 17, 1993.

Stan Schwieger, Waco, for petitioner.

Mark M. Humbel, Cameron, Aaron L. Jackson, Austin, for respondent.

PER CURIAM.

Confined at the end of a contempt hearing by the judge's oral order, Billy W. Jordan brings this petition for writ of habeas corpus, contending, *inter alia*, that the contempt order is void because it was not signed and reduced to writing until three days after confinement. Concluding that Jordan's contention is well-taken and this case is indistinguishable from *Ex parte Amaya*, 748 S.W.2d 224 (Tex.1988), we grant the writ and, without oral argument, hold the contempt order void and order Jordan released.

In *Amaya*, the relator was confined pursuant to a verbal commitment order at 5:15 p.m. on a Friday. A written order was not signed until the following Monday. 748 S.W.2d at 224. We held that this procedure constituted a denial of constitutional due process and that the trial court lacks authority to verbally order a person confined for contemptuous acts committed outside the presence of the court and, thereafter unduly delay signing a contempt judgment and commitment order.

*Id.* We held that a three day delay was too long and ordered the relator released. *Id.* at 225.

Like the relator in *Amaya*, Jordan was confined on a Friday, June 11, 1993, pursuant to the oral ruling of the trial court. The court did not sign a commitment order holding Jordan in civil and criminal constructive contempt until Monday, June 14. Recognizing probable merit to Jordan's habeas corpus petition, on October 14 we issued an order temporarily releasing him from confinement pending final resolution. Following *Amaya*, we declare void both the oral commitment order of June 11 as well as the written commitment order of June 14.