**Ex parte Andrew LITTLETON.**

No. 06–03–00025–CV.

Court of Appeals of Texas,
Texarkana.

Submitted Jan. 29, 2003.

Decided Jan. 30, 2003.

Alex Tyra, Law Office of Alex Tyra, Longview, for relator.

Weldon McFarland, Tyler, for real party in interest.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice ROSS.

Andrew Littleton, relator, has filed a petition asking this Court to issue a writ of habeas corpus and release him from jail. He was found in contempt of court and incarcerated January 23, 2003, by oral order of the Honorable Robin Sage. The contempt proceeding was conducted because of relator's continuing failure to pay child support.

■ An original habeas corpus proceeding is a collateral attack on a contempt judgment. *Ex parte Rohleder*, 424 S.W.2d 891, 892 (Tex.1967); *In re Markowitz*, 25 S.W.3d 1, 2 (Tex.App.-Houston [14th Dist.] 1998, orig. proceeding). The purpose of a writ of habeas corpus is not to determine the guilt of the contemnor, but only to determine whether he or she was afforded due process of law or if the order of contempt is void. *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex.1979). A court will issue a writ of habeas corpus if the order underlying the contempt is void, *Ex parte Shaffer*, 649 S.W.2d 300, 302 (Tex.1983), or if the contempt order itself is void. *Gordon*, 584 S.W.2d at 688. An order is void if it is beyond the power of the court to enter it or if it deprives the relator of liberty without due process of law. *Markowitz*, 25 S.W.3d at 3; *Ex parte Friedman*, 808 S.W.2d 166, 168 (Tex.App.-El Paso 1991, orig. proceeding).

■ To punish a person for constructive contempt, due process requires both (1) a written judgment of contempt and (2) a written order of commitment. *See Ex parte Amaya*, 748 S.W.2d 224, 224–25 (Tex.1988); *Ex parte Strickland*, 723 S.W.2d 668, 669 (Tex.1987); *see also Ex parte Barnett*, 600 S.W.2d 252, 256 (Tex. 1980). The two orders may be combined in the same document. *See Barnett*, 600 S.W.2d at 256; *Ex parte Bagwell*, 754 S.W.2d 490, 492 (Tex.App.-Houston [14th Dist.] 1988, orig. proceeding).

Relator went to jail January 23, 2003, with no written order in place. The only document involved was a "Jail Committment [sic] Card" that provides only the barest information for the jailer: name, offense, sentence (six months with no good time), and purging conditions for payment of $12,996.20, plus $500.00 in attorney's fees and $73.00 for no stated reason. In this case, the court did not sign a written contempt or commitment order until January 29, 2003, after this petition for habeas relief was filed with this Court and we contacted the court seeking a response.

The card cannot suffice as a commitment order because it does not specifically set out the time, date, and place of each occasion relator failed to comply with the

temporary orders. *See Ex parte Alford*, 827 S.W.2d 72, 74 (Tex.App.-Houston [1st Dist.] 1992, orig. proceeding). Further, it does not indicate why relator was held in contempt.

■ Even if we treated the card as a valid commitment order, where the court does not sign a contempt judgment at the same time as a commitment order, the commitment order must contain the elements of a contempt judgment; that is, the order should clearly state in what respect the court's order has been violated. *See* TEX. FAM.CODE ANN. § 157.166 (Vernon 2002); *Alford*, 827 S.W.2d at 74. Further, a commitment order must direct the sheriff or other ministerial officer to take a person into custody and detain him or her under the terms of the judgment. *Ex parte Hernandez*, 827 S.W.2d 858 (Tex. 1992). This card provides no such information.

The only remaining question is whether the complete contempt/commitment order which was signed January 29, six days after relator was jailed, will suffice to support his continued incarceration.

■■ Relator was entitled to both a written commitment order and written contempt order. *See* TEX. FAM.CODE ANN. § 157.166; *Amaya*, 748 S.W.2d at 224–25; *Ex parte Morgan*, 886 S.W.2d 829, 831–32 (Tex.App.-Amarillo 1994, orig. proceeding). The courts of this state have consistently held a contemnor may be detained by the sheriff or other officer for a short and reasonable time while the judgment of contempt and order of commitment are prepared for the judge's signature. *Barnett*,

600 S.W.2d at 257. The Texas Supreme Court has held that a three-day delay in signing a commitment order is not a "short and reasonable time" and violates a contemnor's due process rights. *Ex parte Jordan*, 865 S.W.2d 459 (Tex.1993); *Amaya*, 748 S.W.2d at 224–25. Relator's due process rights were violated when he was jailed without these written orders. *See Morgan*, 886 S.W.2d at 831–32.[1]

We must therefore conclude the six-day delay in signing the written contempt order violated relator's due process rights. We grant relator's petition for writ of habeas corpus and order relator discharged from custody.

---

1. Similarly, a writ of habeas corpus is properly granted when several days elapse between the time of commitment with a commitment order and the signing of the contempt judgment. In *Ex parte Morgan*, 886 S.W.2d 829, 831–32 (Tex.App.-Amarillo 1994, orig. proceeding), the court held that a four-day delay between the relator's confinement under a written commitment order and the signing of a contempt judgment violated the relator's due process rights. *See In re Markowitz*, 25 S.W.3d 1, 4 (Tex.App.-Houston [14th Dist.] 1998, orig. proceeding).