6-96-028-CV Long Trusts v. Dowd 













In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-03-00025-CV


______________________________





EX PARTE:


ANDREW LITTLETON








 
 

Original Habeas Corpus Proceeding







 
 



Before Morriss, C.J., Ross and Carter, JJ.

Opinion by Justice Ross



O P I N I O N


 Andrew Littleton, relator, has filed a petition asking this Court to issue a writ of
habeas corpus and release him from jail. He was found in contempt of court and
incarcerated January 23, 2003, by oral order of the Honorable Robin Sage. The contempt
proceeding was conducted because of relator's continuing failure to pay child support. 

 An original habeas corpus proceeding is a collateral attack on a contempt judgment. 
Ex parte Rohleder, 424 S.W.2d 891, 892 (Tex. 1967); In re Markowitz, 25 S.W.3d 1, 2
(Tex. App.-Houston [14th Dist.] 1998, orig. proceeding). The purpose of a writ of habeas
corpus is not to determine the guilt of the contemnor, but only to determine whether he or
she was afforded due process of law or if the order of contempt is void. Ex parte Gordon,
584 S.W.2d 686, 688 (Tex. 1979). A court will issue a writ of habeas corpus if the order
underlying the contempt is void, Ex parte Shaffer, 649 S.W.2d 300, 302 (Tex. 1983), or if
the contempt order itself is void. Gordon, 584 S.W.2d at 688. An order is void if it is
beyond the power of the court to enter it or if it deprives the relator of liberty without due
process of law. Markowitz, 25 S.W.3d at 3; Ex parte Friedman, 808 S.W.2d 166, 168 (Tex.
App.-El Paso 1991, orig. proceeding). 

 To punish a person for constructive contempt, due process requires both (1) a
written judgment of contempt and (2) a written order of commitment. See Ex parte Amaya,
748 S.W.2d 224, 224-25 (Tex. 1988); Ex parte Strickland, 723 S.W.2d 668, 669 (Tex.
1987); see also Ex parte Barnett, 600 S.W.2d 252, 256 (Tex. 1980). The two orders may
be combined in the same document. See Barnett, 600 S.W.2d at 256; Ex parte Bagwell,
754 S.W.2d 490, 492 (Tex. App.-Houston [14th Dist.] 1988, orig. proceeding).

 Relator went to jail January 23, 2003, with no written order in place. The only
document involved was a "Jail Committment [sic] Card" that provides only the barest
information for the jailer: name, offense, sentence (six months with no good time), and
purging conditions for payment of $12,996.20, plus $500.00 in attorney's fees and $73.00
for no stated reason. In this case, the court did not sign a written contempt or commitment
order until January 29, 2003, after this petition for habeas relief was filed with this Court
and we contacted the court seeking a response.

 The card cannot suffice as a commitment order because it does not specifically set
out the time, date, and place of each occasion relator failed to comply with the temporary
orders. See Ex parte Alford, 827 S.W.2d 72, 74 (Tex. App.-Houston [1st Dist.] 1992, orig.
proceeding). Further, it does not indicate why relator was held in contempt. 

 Even if we treated the card as a valid commitment order, where the court does not
sign a contempt judgment at the same time as a commitment order, the commitment order
must contain the elements of a contempt judgment; that is, the order should clearly state
in what respect the court's order has been violated. See Tex. Fam. Code Ann. § 157.166
(Vernon 2002); Alford, 827 S.W.2d at 74. Further, a commitment order must direct the
sheriff or other ministerial officer to take a person into custody and detain him or her under
the terms of the judgment. Ex parte Hernandez, 827 S.W.2d 858 (Tex. 1992). This card
provides no such information.

 The only remaining question is whether the complete contempt/commitment order
which was signed January 29, six days after relator was jailed, will suffice to support his
continued incarceration.

 Relator was entitled to both a written commitment order and written contempt order. 
See Tex. Fam. Code Ann. § 157.166; Amaya, 748 S.W.2d at 224-25; Ex parte Morgan, 886
S.W.2d 829, 831-32 (Tex. App.-Amarillo 1994, orig. proceeding). The courts of this state
have consistently held a contemnor may be detained by the sheriff or other officer for a
short and reasonable time while the judgment of contempt and order of commitment are
prepared for the judge's signature. Barnett, 600 S.W.2d at 257. The Texas Supreme
Court has held that a three-day delay in signing a commitment order is not a "short and
reasonable time" and violates a contemnor's due process rights. Ex parte Jordan, 865
S.W.2d 459 (Tex. 1993); Amaya, 748 S.W.2d at 224-25. Relator's due process rights were
violated when he was jailed without these written orders. See Morgan, 886 S.W.2d at 831-32. (1)

 We must therefore conclude the six-day delay in signing the written contempt order
violated relator's due process rights. We grant relator's petition for writ of habeas corpus
and order relator discharged from custody.



 Donald R. Ross

 Justice


Date Submitted: January 29, 2003

Date Decided: January 30, 2003


1. Similarly, a writ of habeas corpus is properly granted when several days elapse
between the time of commitment with a commitment order and the signing of the contempt
judgment. In Ex parte Morgan, 886 S.W.2d 829, 831-32 (Tex. App.-Amarillo 1994, orig.
proceeding), the court held that a four-day delay between the relator's confinement under
a written commitment order and the signing of a contempt judgment violated the relator's
due process rights. See In re Markowitz, 25 S.W.3d 1, 4 (Tex. App.-Houston [14th Dist.]
1998, orig. proceeding).