MEMORANDUM OPINION

No. 04-06-00511-CV

IN RE Daniel LOMBRANA, Jr.

Original Habeas Corpus Proceeding (1)




PER CURIAM



Sitting: Catherine Stone , Justice

 Karen Angelini , Justice

 Phylis J. Speedlin , Justice



Delivered and Filed: September 27, 2006



PETITION FOR WRIT OF HABEAS CORPUS GRANTED

 On July 19, 2006, relator Daniel Lombrana, Jr. was found in contempt of court for failure to pay child support and was
taken into custody by the Webb County sheriff. An order holding Lombrana in contempt and committing him to the county
jail was not signed until July 26, 2006. This combined contempt and commitment order recites the specific days Lombrana
failed to pay child support, finds him in civil contempt of court, and orders him confined in the county jail until a $4,629.00
child support arrearage, including any accrued interest, is paid. On July 27, 2006, the district clerk of Webb County received
from Lombrana a check for $4,699.00 payable to obligee Adriana Lombrana. 

 On July 31, 2006, Lombrana filed a petition for a writ of habeas corpus with this court alleging that his due process rights
were violated when the trial court neglected to sign the contempt and commitment order until seven days after he was taken
into custody. The record included certification from the sheriff that Lombrana was still in custody. We granted interim
relief, and ordered Lombrana conditionally released from jail upon posting a cash bond. The attorney for the real party in
interest was provided an opportunity to respond to Lombrana's petition. No response has been filed.

 The purpose of a habeas corpus proceeding is not to determine the guilt or innocence of the relator, but to determine if the
relator has been unlawfully confined. Ex parte Gordon, 584 S.W.2d 686, 688 (Tex. 1979). Both a written judgment of
contempt and a written commitment order are necessary to imprison a person who violates a court order outside of the
court's presence. Ex parte Amaya, 748 S.W.2d 224, 224-25 (Tex. 1988); In re Seligman, 9 S.W.3d 452, 454 (Tex.
App.--San Antonio 1999, orig. proceeding); Tex. Family Code Ann. § 157.166 (Vernon 2002). A person found to be in
contempt may be detained by the sheriff for a short and reasonable time while contempt and commitment orders are
prepared for the judge's signature. Ex parte Jordan, 865 S.W.2d 459, 459 (Tex. 1993); Amaya, 748 S.W.2d at 225. A delay
of three days in signing the necessary orders is not a short and reasonable time and violates due process. Ex parte Jordan,
865 S.W.2d at 459; Amaya, 748 S.W.2d at 225. 

 In this case, the seven-day delay in signing a contempt and commitment order violated Lombrana's due process rights. See
Ex parte Jordan, 865 S.W.2d at 459; In re Seligman, 9 S.W.3d at 454. Although the record contains a document signed by
the trial judge and dated July 19, 2006, we conclude it is not the required contempt and commitment order. Directed to the
"Central Records Bureau, Laredo Police Dept." and the "Sheriff's Office Identification Div.," the document identifies
Lombrana, references the underlying cause number, states Lombrana is being held on a charge of "criminal non-support
(child support)," and recites "Respondent must serve the 180 days and not [] be release[d] until Respondent pays $12,049.00
in cash. This is a [c]ontempt [h]old." This document is not sufficient to satisfy due process because it does not set out the
precise manner in which Lombrana violated the child support order. See Ex parte Littleton, 97 S.W.3d 840, 841 (Tex.
App.--Texarkana 2003, orig. proceeding) (holding a jail commitment card with similar information did not suffice as a
commitment order because it did not recite the time, date, and place of each occasion the relator failed to comply with the
child support order); Tex. Fam. Code Ann. § 157.166 (Vernon 2002). 

 We hold Lombrana's due process rights were violated when he was jailed without the necessary written orders. It is
unnecessary for us to address the remaining two issues in Lombrana's brief. We, therefore, grant the petition for a writ of
habeas corpus and order Lombrana released from custody and from the bond posted in this cause.

 PER CURIAM

1. This proceeding arises out of Cause No. 2004-CVG-00121-CI , styled In the Interest of D.L., R.L., C.L, and C.L., pending
in the County Court at Law No. 1, Webb County, Texas , the Honorable Alvino "Ben" Morales presiding.