In re Adam Hugh RICHARDSON.

No. 06–07–00035–CV.

Court of Appeals of Texas,
Texarkana.

March 22, 2007.

Robert R. Foster, Longview, for relator.

Alex Tyra, Law Office of Alex Tyra, Ebb B. Mobley, Longview, for real party in interest.

W. Ty Wilson, Asst. Dist. Atty., Longview, for respondent Maxey Cerliano, Sheriff.

Before MORRISS, C.J., CARTER and MOSELEY, JJ.

## OPINION

Opinion by Chief Justice MORRISS.

On March 8, 2007, Adam Hugh Richardson was found to be in contempt of the trial court for failing to comply with that court's previous orders of December 14 and 20, 2006. Richardson has now filed an original application for writ of habeas cor-

pus with this Court,[1] raising two issues in support of his claim that he is being illegally confined in the Gregg County jail in violation of his due-process rights. Based on the record before us, we conclude Richardson is illegally restrained. Therefore, we grant Richardson's application for writ of habeas corpus.

■ "An original habeas corpus proceeding is a collateral attack on a contempt judgment." *Ex parte Littleton,* 97 S.W.3d 840, 841 (Tex.App.-Texarkana 2003, orig. proceeding). "The purpose of a writ of habeas corpus is not to determine the guilt of the contemnor, but only to determine whether he or she was afforded due process of law or if the order of contempt is void." *Id.; see also In re Estrello,* 130 S.W.3d 391, 393 (Tex.App.-Beaumont 2004, orig. proceeding).

Richardson first asserts he has been illegally restrained because the trial court's commitment order fails to specifically direct the sheriff to take Richardson into custody and because no written order of commitment had been issued.[2]

■ To confine a person for civil contempt, due process requires both a written judgment of contempt and a written order of commitment. *Ex parte Hernandez,* 827 S.W.2d 858 (Tex.1992) (orig. proceeding); *Ex parte Strickland,* 723 S.W.2d 668, 669 (Tex.1987) (orig. proceeding). A commitment order is a warrant, order, or process by which a court directs a ministerial officer to take a person into custody. *Hernandez,* 827 S.W.2d at 858. "The order containing this directive need not take a particular form and may be a separate order issued by the court, an attachment or order issued by the clerk at the court's direction, or included in the contempt judgment." *Id.* An arrest for contempt without a written commitment order is an illegal restraint from which the prisoner is entitled to habeas relief. *Ex parte Amaya,* 748 S.W.2d 224, 225 (Tex.1988) (orig. proceeding).

The record before us contains a document entitled "Order Holding Respondent in Contempt for Failure To Pay Child Support, Granting Judgment, And for Commitment to County Jail." That order was signed by the trial court March 8, 2007, and makes factual findings that Richardson violated several of the trial court's orders regarding support of Richardson's child and former spouse. The trial court's order also makes findings of both civil and criminal contempt, and it orders Richardson be held in the Gregg County jail for a period of 180 days for his contemptuous behavior. But the document does not itself specifically order any sheriff, constable, or other law enforcement officer to take Richardson into custody.

We reviewed a similar factual scenario in *Littleton.* The written order of contempt in *Littleton* failed to specifically direct any law enforcement officer to take the contemnor into custody. Before this Court, the real party in interest sought to rely on the "Jail Commitment Card" to satisfy the requirement that the trial court enter an order specifically directing the Gregg County sheriff to take Littleton into custody. We concluded that a "jail card" was insufficient to satisfy Littleton's proce-

---

1. *See* Tex. Gov't Code Ann. § 22.221 (Vernon 2004).

2. Richardson was correct, as of March 12, 2007, when he filed his petition herein, that no commitment order had been issued. The commitment order, in the form of a Writ of Commitment, was issued by the district clerk the next day, March 13. Because that writ was issued some five days after Richardson had been physically restrained, it was too late to provide him the due process guaranteed to citizens, as we explain in this opinion.

dural due-process rights, that the remaining orders in connection with the case were similarly insufficient to satisfy procedural due-process requirements, and that Littleton's continued confinement based on the inadequate orders violated Littleton's due-process rights. *Littleton*, 97 S.W.3d at 841–42.

■ Turning to the case now before us, we see Richardson's procedural posture is different. While the trial court's order of March 8 does not expressly direct the Gregg County sheriff or any other law enforcement official to take Richardson into custody and detain him for the term of the judgment, there is another directive issued in this case that, if promptly issued, would have satisfied that otherwise missing requirement: a writ of commitment issued by the district clerk of Gregg County. That writ, issued March 13, 2007, states:

## WRIT OF COMMITMENT

STATE OF TEXAS §

TO ANY SHERIFF OR ANY CONSTABLE WITHIN THE STATE OF TEXAS:

> In Cause No.2006–2888–DR pending in the 307th Judicial District Court of GREGG County, Texas, styled "In the Matter of the Marriage of Brandy Richardson and Adam Richardson and In the Interest of [D.R.]," ADAM RICHARDSON has been adjudged in contempt of court.
>
> You are therefore COMMANDED to take into your custody and commit to the jail of your county ADAM RICHARDSON to be confined in accordance with the judgment of contempt attached to this writ or until he is otherwise legally discharged.

That writ was issued pursuant to authorization contained in the trial court's March 8 order. Had the "Writ of Commitment"

been issued *promptly* after the trial court's March 8 order, the writ would have satisfied Richardson's due-process right of having a written order of commitment in accord with the Texas Supreme Court's requirements in *Hernandez*, 827 S.W.2d at 858. *And cf. In re Dotson*, 981 S.W.2d 237, 238 (Tex.App.-Houston [1st Dist.] 1998, orig. proceeding); *Ex parte Hogan*, 916 S.W.2d 82, 87–88 (Tex.App.-Houston [1st Dist.] 1996, orig. proceeding); *Ex parte Alloju*, 894 S.W.2d 85, 87–88 (Tex. App.-Houston [14th Dist.] 1995, orig. proceeding) (justice court issued finding of contempt and ordered that order of commitment be issued commanding sheriff to arrest contemnor). The writ of commitment in this case, however, was issued March 13, 2007, five days after Richardson had been confined for contempt.

In *Amaya*, the Texas Supreme Court considered a petition for writ of habeas corpus wherein the relator was orally ordered confined on a Friday afternoon and, thereafter, on the following Monday, the trial court signed a written commitment order. It was held that a three-day delay, even over a weekend, in issuing a written commitment order was a violation of due process, entitling the relator to his release. 748 S.W.2d at 225; *see also Ex parte Jordan*, 865 S.W.2d 459 (Tex.1993) (orig. proceeding).

Accordingly, we hold both the Thursday, March 8, 2007, order by the trial court—to the extent it ordered relator committed to custody—and the Tuesday, March 13, 2007, writ of commitment by the district clerk to be invalid for lack of due process. *Jordan*, 865 S.W.2d 459; *Amaya*, 748 S.W.2d at 225.

Because this issue is dispositive, we do not reach Richardson's other issue.

We grant habeas corpus relief and order relator Adam Hugh Richardson uncondi-

tionally released and discharged from the custody of the sheriff of Gregg County only to the extent that such custody was ordered by said order and writ.