In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00185-CR


______________________________




DESMOND DENARD BROWN, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


 Gregg County, Texas


Trial Court No. 34659-B




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Desmond Denard Brown filed pro se a notice of appeal August 26, 2008, appealing from a
judgment that imposed his sentence December 12, 2006. 

 A timely notice of appeal is necessary to invoke this Court's jurisdiction. Olivo v. State, 918
S.W.2d 519, 522 (Tex. Crim. App. 1996). Rule 26.2(a) of the Texas Rules of Appellate Procedure
prescribes the time period in which a notice of appeal must be filed by a defendant in order to perfect
appeal in a criminal case. A defendant's notice of appeal is timely if filed within thirty days after the
day sentence is imposed or suspended in open court, or within ninety days after sentencing if the
defendant timely files a motion for new trial. Tex. R. App. P. 26.2(a); Olivo, 918 S.W.2d at 522. No
motion for new trial was filed. The last date Brown could timely file his notice of appeal was
January 11, 2007, thirty days after the day the sentence was imposed in open court. See Tex. R. App.
P. 26.2(a)(1). 

 In addition to the notice of appeal being untimely filed, the certification of right of appeal
shows that Brown waived his right of appeal.

 Unless a certification, showing that a defendant has the right of appeal, is in the record, we
must dismiss the appeal. See Tex. R. App. P. 25.2(d). Because the trial court's certification
affirmatively shows Brown has no right of appeal, and because the record before us does not reflect
that the certification is incorrect, see Dears v. State, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005),
we must dismiss the appeal.


 Brown has failed to perfect his appeal. We dismiss the appeal for want of jurisdiction.


 Jack Carter

 Justice


Date Submitted: September 3, 2008

Date Decided: September 4, 2008


Do Not Publish






 habeas relief was filed with this Court
and we contacted the court seeking a response.

 The card cannot suffice as a commitment order because it does not specifically set
out the time, date, and place of each occasion relator failed to comply with the temporary
orders. See Ex parte Alford, 827 S.W.2d 72, 74 (Tex. App.-Houston [1st Dist.] 1992, orig.
proceeding). Further, it does not indicate why relator was held in contempt. 

 Even if we treated the card as a valid commitment order, where the court does not
sign a contempt judgment at the same time as a commitment order, the commitment order
must contain the elements of a contempt judgment; that is, the order should clearly state
in what respect the court's order has been violated. See Tex. Fam. Code Ann. § 157.166
(Vernon 2002); Alford, 827 S.W.2d at 74. Further, a commitment order must direct the
sheriff or other ministerial officer to take a person into custody and detain him or her under
the terms of the judgment. Ex parte Hernandez, 827 S.W.2d 858 (Tex. 1992). This card
provides no such information.

 The only remaining question is whether the complete contempt/commitment order
which was signed January 29, six days after relator was jailed, will suffice to support his
continued incarceration.

 Relator was entitled to both a written commitment order and written contempt order. 
See Tex. Fam. Code Ann. § 157.166; Amaya, 748 S.W.2d at 224-25; Ex parte Morgan, 886
S.W.2d 829, 831-32 (Tex. App.-Amarillo 1994, orig. proceeding). The courts of this state
have consistently held a contemnor may be detained by the sheriff or other officer for a
short and reasonable time while the judgment of contempt and order of commitment are
prepared for the judge's signature. Barnett, 600 S.W.2d at 257. The Texas Supreme
Court has held that a three-day delay in signing a commitment order is not a "short and
reasonable time" and violates a contemnor's due process rights. Ex parte Jordan, 865
S.W.2d 459 (Tex. 1993); Amaya, 748 S.W.2d at 224-25. Relator's due process rights were
violated when he was jailed without these written orders. See Morgan, 886 S.W.2d at 831-32. (1)

 We must therefore conclude the six-day delay in signing the written contempt order
violated relator's due process rights. We grant relator's petition for writ of habeas corpus
and order relator discharged from custody.



 Donald R. Ross

 Justice


Date Submitted: January 29, 2003

Date Decided: January 30, 2003


1. Similarly, a writ of habeas corpus is properly granted when several days elapse
between the time of commitment with a commitment order and the signing of the contempt
judgment. In Ex parte Morgan, 886 S.W.2d 829, 831-32 (Tex. App.-Amarillo 1994, orig.
proceeding), the court held that a four-day delay between the relator's confinement under
a written commitment order and the signing of a contempt judgment violated the relator's
due process rights. See In re Markowitz, 25 S.W.3d 1, 4 (Tex. App.-Houston [14th Dist.]
1998, orig. proceeding).