In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-09-00550-CV


____________________



 IN RE JACK EDWARD BROUGHTON






Original Proceeding 






MEMORANDUM OPINION


 This original habeas corpus proceeding collaterally attacks a child support contempt
judgment and subsequent revocation order. Relator, Jack Edward Broughton, contends his
confinement by the Montgomery County Sheriff is illegal because (1) the trial court failed
to afford Broughton the right to a jury trial, (2) the trial court did not consider evidence of
payments made during the entire period of time included in the order for compliance hearing, 
(3) the trial court denied relator due process by revoking the suspension of commitment for
failing to pay by the date specified in the divorce decree but not specified in the conditions
for release, and (4) the contempt judgment and the revocation order are void for lack of due
process due to the trial court's unreasonable delay in signing the written judgment and orders. 
Because it is dispositive of the present controversy, we address only Broughton's fourth
issue. 

 Relator Broughton was taken into custody on August 12, 2009, and on that day the
trial court signed a document that stated "The Court has taken the following action in this
case: . . . Deft taken into custody for contempt of court Regarding non-payment of child
support, order to follow." The contempt judgment was not signed until August 20, 2009. 
The contempt order signed August 20, 2009, holds Broughton in contempt for failing to pay
eight $1,500 installments of child support due on the first day of each month from January
through August and commits Broughton to jail for 180 days. Thus, this is a case of criminal
constructive contempt. See Ex parte Chambers, 898 S.W.2d 257, 259 (Tex. 1995). 

 The contempt judgment also granted the real party in interest, Laura Barrilleaux, a
$12,000 judgment for the January to August child support. Broughton paid the $12,000 to
counsel for the real party in interest, and on August 31, 2009, the trial court signed an order
releasing Broughton upon the condition that he "pay his current child support" and ordering
him to appear for a compliance hearing. Broughton was again taken into custody on
November 13, 2009. On November 30, 2009, the trial court signed a revocation order. Thus,
Broughton's present confinement in the Montgomery County Jail is pursuant to the order of
criminal constructive contempt orally pronounced on August 12, 2009, and reduced to
written judgment on August 20, 2009. 

 "Due process requires a court, before imprisoning a person for violating an earlier
order, to sign a written judgment or order of contempt and a written commitment order." Ex
parte Shaklee, 939 S.W.2d 144, 145 (Tex. 1997). This requirement applies to both civil
constructive contempt orders and criminal constructive contempt orders. Ex parte Jordan,
865 S.W.2d 459 (Tex. 1993) (civil and criminal); Ex parte Calvillo Amaya, 748 S.W.2d 224,
224-25 (Tex. 1988) (civil); Ex parte Robertson, 27 Tex. Ct. App. 628, 11 S.W. 669, 671
(1889), disapproved on other grounds by Ex parte Arapis, 157 Tex. 627, 306 S.W.2d 884,
887 (1957) (criminal). Although the sheriff may detain a contemnor for a "short and
reasonable time" while the written order is prepared for the trial court's signature, "a trial
court has no authority to verbally order a person confined for contemptuous acts committed
outside the presence of the court and, thereafter, unduly delay signing a contempt judgment
and commitment order." Calvillo Amaya, 748 S.W.2d at 224, 225. Both Calvillo Amaya and
Jordan held that a judgment signed on Monday was ineffective to authorize confinement of
a contemnor taken into custody on the previous Friday. Calvillo Amaya, 748 S.W.2d at 224; 
Jordan, 865 S.W.2d at 459. (1) 

 In one case, the intermediate appellate court held the relator was not entitled to relief
on the ground that the judgment was not signed within a reasonable time after the contempt
hearing. In re Mott, 137 S.W.3d 870, 876-77 (Tex. App.-Houston [1st Dist.] 2004, orig.
proceeding). Although there was a nine-day delay between the hearing and the date the trial
court signed the order, the relator filed a motion to reconsider and was not taken into custody
until four months after the trial court signed the contempt judgment. Id. Here, Broughton
was taken into custody on August 12, 2009, the contempt judgment was signed August 20,
2009, and Broughton remained in custody until August 31, 2009. Thus, Broughton suffered
a restraint on his liberty during the period of time between the oral pronouncement and the
written judgment. 

 Barrilleaux argues that Broughton knew the terms of his suspended commitment and
failed to complain until he filed his petition for writ of habeas corpus. Neither the judgment
nor the order suspending the commitment could retroactively cure the denial of due process.
See Ex parte Barnett, 600 S.W.2d 252, 257 (Tex. 1980); Ex parte Alford, 827 S.W.2d 72, 74
(Tex. App.-Houston [1st Dist.] 1992, orig. proceeding). Although a trial court may correct
an error prior to the attachment of habeas jurisdiction in the appellate court, because the
delay itself denied relator due process, the trial court could not correct the error. Compare
Ex parte Coward, 110 Tex. 587, 222 S.W. 531 (1920), with Alford, 827 S.W.2d at 74. 

 Barrilleaux argues that requiring a detailed formal order within five days of ordering
the relator to be taken into custody "is bad public policy." She neither offers any explanation
for the trial court's delay in entering a judgment, nor does she present facts and legal
authorities to support an argument that in this particular case the delay did not prejudice the
due process rights of the relator. We hold that the judgment and orders in the instant case
violate due process. We sustain issue four. 

 We order that relator, Jack Edward Broughton, be discharged from custody under the
judgment signed August 20, 2009, and the revocation order issued November 30, 2009, by
the 9th District Court in Cause No. 06-12-12308-CV. We also order that relator be released
from the bond posted to secure his conditional release in this Cause No. 09-09-00550-CV.

 PETITION GRANTED.

 PER CURIAM

Submitted on December 18, 2009

Opinion Delivered January 14, 2010

Before McKeithen, C.J., Gaultney and Horton, JJ.

1. There is some precedent in which the habeas court denied relief because before the
writ issued the trial court corrected its earlier verbal order of a fine of $500 and 60 days in
jail by entering a written judgment reducing the penalty to a fine of $100 and 3 days
imprisonment in jail. See Ex parte Coward, 110 Tex. 587, 222 S.W. 531 (1920). More
recent authority granted relief based upon a habeas petition filed after the trial court reduced
its verbal order to writing. See Ex parte Jordan, 865 S.W.2d 459 (Tex. 1993) (judgment and
commitment signed June 14; habeas writ issued October 14).