**Opinion issued June 19, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-01021-CV

————————————

## IN RE BRUCE CARTER, Relator

———————————————————————————————————

## Original Proceeding on Petition for Writ of Habeas Corpus

———————————————————————————————————

## MEMORANDUM OPINION

Relator, Bruce Carter, requests habeas corpus relief from a November 22, 2013 trial court "Initial Order Holding Respondent in Contempt and for Commitment" and a November 25, 2013 trial court "Order Holding Respondent in Contempt, Granting Judgment, and for Commitment to County Jail."[1] On

---

[1]    The underlying case is *In the Interest of M.A.R.C.*, cause number 2008-71167, pending in the 311th District Court of Harris County, Texas, the Honorable Denise Pratt presiding.

November 27, 2013, after a preliminary review of Carter's petition for writ of habeas corpus, we ordered Carter released upon his posting of a bond in the amount of $500.00, pending a final determination of his petition. Because we conclude that Carter is entitled to relief, we grant his petition for writ of habeas corpus, order Carter released from the bond set by this Court on November 27, 2013, and order him discharged from custody.

## Background[2]

On October 25, 2010, the trial court signed an Order in Suit Affecting the Parent-Child Relationship. Pursuant to this order, Carter was ordered to pay child support in the amount of $530.00 per month to real party in interest, Yalisha Reed. Carter was also ordered to pay retroactive child support in the amount of $25.00 twice per month to Reed, to maintain health insurance for his child, and to pay reimbursement for health care expenses incurred by Reed.

On July 24, 2012, the trial court signed "Additional Orders," requiring Carter to allow Reed to have telephonic communication with their child each day and to pick up and administer medication for the child.

On April 15, 2013, Reed filed a "Second Amended Motion for Contempt/Enforcement." The motion requested an order confining Carter "to the

---

[2]    Carter did not file a transcript of the underlying proceeding with his petition. *See* TEX. R. APP. P. 52.7(a)(2). Nevertheless, the testimony adduced at the hearing is not relevant or necessary to the disposition of this petition. *Id.*

county jail for eighteen months or until Respondent complies with the order of the Court" and placing him on community supervision for 10 years, reimbursement of medical expenses, judgment on arrears, and attorney's fees.

On November 22, 2013, the trial court signed an "Initial Order Holding Respondent in Contempt and for Commitment." In this order, the trial court did not identify any order that Carter was alleged to have violated or set forth any findings regarding how Carter violated a court order.[3] Nevertheless, the trial court "ADJUDGED that Respondent, Bruce Carter, is in CONTEMPT OF THIS COURT for each separate violation of said court order" and "ORDERED that punishment for each separate violation is assessed, concurrently, at confinement in the county jail of Harris County, Texas, for a period of 180 days." The trial court further ordered that Carter was to be confined "from the date of confinement[,] 11-22-13 at 6 pm[,] until 11/24/13 at 6:00 pm" and "that the Sheriff of Harris County, Texas, take into custody and commit to the jail of Harris County, Texas, Respondent, Bruce Carter, who is to be confined in accordance with this contempt order from 11-22-13 at 6 pm until Respondent is otherwise legally discharged on 11/24/13 at 6 pm."

---

[3] The trial court crossed out each of the entries on the order under the statement "THE COURT FINDS THAT," except the statement that the court has jurisdiction over the parties and the subject matter of the suit.

3

On November 25, 2013, the trial court signed an "Order Holding Respondent in Contempt, Granting Judgment, and for Commitment to County Jail." According to the order, it was based on hearings held on "October 28, 2013, October 31, 2013, November 7, 2013, and November 20, 2013." In this order, the trial court identified the previous court orders and provisions that Carter violated, set forth specific information regarding how and when Carter violated each order and provision, and adjudged Carter "in contempt for each separate violation enumerated above." The trial court sentenced Carter to 180 days in jail and ordered him "committed to the county jail of Harris County, Texas, for a period of 180 days for each separate violation." The trial court further ordered that Carter be confined in the county jail until he pays child support arrearage in the amount of $3,665.19 "and bring[s] all child support current as of day of release." Finally, the trial court placed Carter on community supervision for 10 years after his release from confinement and granted judgment for child support arrearages of $1,597.81 and medical support reimbursement of $2,067.38 to Reed.

On November 27, 2013, Carter filed his petition for writ of habeas corpus.

## Analysis

An original habeas corpus proceeding is a collateral attack on a contempt judgment. *See Ex parte Rohleder*, 424 S.W.2d 891, 892 (Tex. 1967); *In re Markowitz*, 25 S.W.3d 1, 2 (Tex. App.—Houston [14th Dist.] 1998, orig.

4

proceeding). The purpose of a writ of habeas corpus is not to determine the guilt of the contemnor, but only to determine whether he was provided due process of law or whether the order of contempt is void. *In re Markowitz*, 25 S.W.3d at 2 (citing *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979)). A court will issue a writ of habeas corpus if the contempt order is void. *Ex parte Gordon*, 584 S.W.2d at 688; *In re Markowitz*, 25 S.W.3d at 2–3. "An order is void if it is beyond the power of the court to enter it, or if it deprives the relator of liberty without due process of law." *In re Markowitz*, 25 S.W.3d at 3.

Before imprisoning a person for constructive contempt, due process requires a court to sign both a written judgment of contempt and a written commitment order. *See Ex parte Jordan*, 865 S.W.2d 459, 459 (Tex. 1993); *Ex parte Strickland*, 723 S.W.2d 668, 669 (Tex. 1987); *Ex parte Barnett*, 600 S.W.2d 252, 256 (Tex. 1980); *In re Broughton*, No. 09-09-00550-CV, 2009 WL 5276756, at *1 (Tex. App.—Beaumont Jan. 14, 2010, orig. proceeding). The two orders may be issued separately or combined in the same document. *See Ex parte Barnett*, 600 S.W.2d at 256; *In re Markowitz*, 25 S.W.3d at 3. Although the trial court may cause a contemnor to be detained "for a short and reasonable time while the judgment of contempt and the order of commitment are being prepared," a three-day delay between the commitment of the contemnor and the signing of either the judgment of contempt or the order of commitment violates the contemnor's right to

5

due process. *Ex parte Amaya*, 748 S.W.2d 224, 225 (Tex. 1988); *see Ex parte Jordan*, 865 S.W.2d at 459.

Here, the trial court's November 22, 2013 "Initial Order Holding Respondent in Contempt and for Commitment" directed the sheriff to take Carter into custody and commit him to the county jail. This constitutes a commitment order. *See Ex parte Hernandez*, 827 S.W.2d 858, 858–59 (Tex. 1992). The order does not, however, include a written judgment of contempt, because it fails to (1) "clearly state in what respect the court's order has been violated," and (2) either (a) identify—as required for a criminal contempt judgment—"the provisions of the order for which enforcement was requested and the date of each occasion when the respondent's failure to comply with the order was found to constitute criminal contempt" or (b) state—as required for a civil contempt judgment—"the specific conditions on which the respondent may be released from confinement." TEX. FAM. CODE ANN. § 157.166 (West 2014); *Ex parte Barnett*, 600 S.W.2d at 256; *see Ex parte Littleton*, 97 S.W.3d 840, 842 (Tex. App.—Texarkana 2003, orig. proceeding); *In re Markowitz*, 25 S.W.3d at 3; *Ex parte Alford*, 827 S.W.2d 72, 74 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding). Accordingly, the November 22, 2013 order violated Carter's right to due process unless the trial court signed an order of contempt or a written judgment of contempt within a "short and reasonable time" after the issuance of the commitment order. *See Ex*

6

*parte Jordan*, 865 S.W.2d at 459; *Ex parte Amaya*, 748 S.W.2d at 225; *In re Hancock*, No. 2-06-040-CV, 2006 WL 533400, at *1 & n.5 (Tex. App.—Fort Worth Mar. 6, 2006, orig. proceeding); *Ex parte Littleton*, 97 S.W.3d at 842 n.1.

On November 25, 2013, the trial court, without holding a new hearing, signed an "Order Holding Respondent in Contempt, Granting Judgment, and for Commitment to County Jail."

To the extent the November 25, 2013 order was the written judgment of contempt issued in conjunction with the November 22, 2013 commitment order, the three-day delay between the issuance of the two orders was not a "short and reasonable time" and therefore violated Carter's right to due process. *See Ex parte Jordan*, 865 S.W.2d at 459; *Ex parte Amaya*, 748 S.W.2d at 225; *Ex parte Barnett*, 600 S.W.2d at 256, 257; *In re Broughton*, 2009 WL 5276756, at *2; *In re Richardson*, 218 S.W.3d 902, 903 (Tex. App.—Texarkana 2007, orig. proceeding); *Ex parte Morrow*, No. 06-02-00082-CV, 2002 WL 1301327, at *2–3 (Tex. App.—Texarkana June 13, 2002, orig. proceeding) (not designated for publication).

Further, a subsequent or modified contempt judgment issued as a result of the original hearing, but after a "short and reasonable time" has elapsed, is a violation of due process. *See Ex parte Anderson*, 900 S.W.2d 333, 334–35 (Tex. 1995); *Ex parte Delcourt*, 888 S.W.2d 811, 812 (Tex. 1994). Therefore, to the extent the November 25, 2013 order constitutes a subsequent or corrected

7

contempt judgment, it violated Carter's right to due process. *See Ex parte Anderson*, 900 S.W.2d at 334–35; *Ex parte Delcourt*, 888 S.W.2d at 812.

"Relator was absolutely entitled to a written commitment order and a written contempt order." *In re Markowitz*, 25 S.W.3d at 4; *see Ex parte Littleton*, 97 S.W.3d at 842. Because the trial court did not sign a written judgment or order of contempt until three days after it signed the commitment order, we hold that Carter's due process rights were violated and that the judgment of contempt and commitment order are void. *See Ex parte Jordan*, 865 S.W.2d at 459; *In re Linan*, 419 S.W.3d 694, 697–98 (Tex. App.—Houston [1st Dist.] 2013, orig. proceeding); *In re Markowitz*, 25 S.W.3d at 4; *Ex parte Morgan*, 886 S.W.2d 829, 832 (Tex. App.—Amarillo 1994, orig. proceeding).

## Conclusion

We hold that the three-day delay in signing the written contempt order violated Carter's due process rights. In light of this holding, we need not address Carter's remaining arguments.

We grant Carter's petition for writ of habeas corpus and order him discharged from custody under both the November 22, 2013 "Initial Order Holding Respondent in Contempt and for Commitment" and the November 25, 2013 "Order Holding Respondent in Contempt, Granting Judgment, and for

8

Commitment to County Jail." We also order that Carter be released from the bond posted to secure his conditional release in this Cause No. 01-13-01021-CV.

We dismiss all pending motions as moot.


Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Higley and Brown.